U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SEP   7 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHNNY PAUL RIVERS, 1272218,        )
    Petitioner,                              )
                                                            )
v.                                                          )        No. 3:12-CV-4142-P
                                                            )
WILLIAM STEPHENS, Director, Texas    )
Dept. Of Criminal Justice, Correctional    )
Institutions Division,                           )
    Respondent.                             )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.**    **Nature of the Case**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent is William Stephens, Director of the TDCJ-CID.

**II.**    **Procedural History**

Petitioner challenges his sex offender registration and status allegedly resulting from his one-year state jail felony for attempted reckless injury of a child.  *State of Texas v. Johnny Paul Rivers*, No. F-0148256-PL (Crim. Dist. Ct. No. 5, Dallas County, Tex., May 3, 2002).  Petitioner has fully discharged this one-year sentence.

Petitioner is currently incarcerated for aggravated sexual assault of a child.  *State of Texas v. Johnny Paul Rivers*, No. F-0471521-VW (363rd Dist. Ct., Dallas County, Tex., Nov. 11, 2004).  On November 11, 2004, he was sentenced to forty years in prison.

On October 9, 2012, Petitioner filed the instant § 2254 petition.  He argues:

1.    The trial court and prosecution violated due process because Petitioner was not convicted of a 3G offense;

2.    The trial court and prosecution erred under the Texas Penal Code because

Petitioner is being treated as a sex offender for a non-3G conviction;

3.  TDCJ and the parole board are wrongfully treating Petitioner as a sex offender;

4.  The trial court and the prosecution violated the Ex Post Facto Clause and caused Petitioner to become registered as a sex offender; and

5.  The trial court and parole board violated due process because an attempted reckless injury of a child conviction does not make Petitioner a sex offender.

## III.   Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court may *sua sponte* raise the jurisdictional issue at any time. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner has fully served his one-year sentence for attempted reckless injury of a child. He has also failed to show that this conviction resulted in his designation as a sex-offender. Petitioner's sex offender status is instead the result of his conviction for aggravated

sexual assault of a child. *Ex parte Rivers*, No. 4,158-12 at 43.  Petitioner is therefore no longer "in custody" such that he can challenge his attempted reckless injury of a child conviction under 28 U.S.C. § 2254.  Consequently, this Court lacks jurisdiction over the instant habeas petition.

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

SIGNED this ___ day of _____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).